IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:01CR3027 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CASEY L. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon a motion with a long and confusing caption filed by Casey L. Brown. (Filing 118.) Though "Notice of Appeal" appears in the caption, the body of the document states that Brown "request[s] that this District Court vacate its judgment in its Memorandum and Order dated September 14, 2005, or in the alternative, forward this Notice of Appeal to the Eighth Circuit Court of Appeals forthwith." (Filing 118, at page 2.)

In a September 14, 2005 memorandum and order, I denied a motion by Mr. Brown seeking relief from judgment and seeking to advance substantive claims for the reason that it was a "second or successive habeas petition" within the meaning of 28 U.S.C. § 2255 and had not been precertified by the Court of Appeals in the manner provided in 28 U.S.C. § 2244. (Filing 117). I interpret filing 118 to be a motion for reconsideration of filing 117, or, in the alternative, a Notice of Appeal of filing 117.

To the extent filing 118 is a motion for reconsideration, I will deny it. To the extent filing 118 is intended as a notice of appeal, I must make findings regarding a certificate of appealability and in forma pauperis status.

Before Defendant can appeal this court's decision denying his motion, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected a constitutional claim on the merits in the course of denying a § 2255 petition, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" in order to meet the standard contained in § 2253(c). Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). In contrast, when a district court denies a § 2255 petition on procedural grounds without reaching the applicant's underlying constitutional claims on the merits, a certificate of appealability should issue under § 2253(c) when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

The court must either issue a certificate of appealability indicating which issues satisfy the required showing, or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in the memorandum and order sought to be appealed (filing 117), Mr. Brown has not made a substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

I note that Mr. Brown did not submit an appeal fee or a motion to proceed in forma pauperis. However, he was previously represented in this action by court-appointed counsel. See, e.g., filing 101. Pursuant to FRAP 24(a), a party may proceed on appeal in forma pauperis without further authorization unless the district judge certifies that the appeal is not taken in good faith or finds that the party is otherwise not entitled to proceed on appeal in forma pauperis. The district judge must state in writing the reasons for a certification that the party is not entitled to

proceed in forma pauperis. For the same reasons that Mr. Brown has not made a substantial showing of the denial of a constitutional right, and for the additional reasons that Mr. Brown has already raised a claim of ineffective assistance of counsel which was denied by this court (filing 88) and the Eighth Circuit has already denied one motion by Mr. Brown for leave to file a successive petition (filing 115), I find that the appeal is not taken in good faith, and that Mr. Brown is not entitled to proceed on appeal in forma pauperis.

For the foregoing reasons,

IT IS ORDERED:

1. To the extent that filing 118 is a motion for reconsideration, it is denied;

2. To the extent that filing 118 is a notice of appeal:

    a. a certificate of appealability shall not issue;

    b. Mr. Brown is not entitled to proceed on appeal in forma pauperis; and

    c. The Clerk of the Court shall forward a copy of this order to the Court of Appeals, together with the Notice of Appeal (filing 118).

October 12, 2005.    BY THE COURT:

    *s/Richard G. Kopf*
    United States District Judge